86 F.3d 1156
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vester L. FULTZ (95-5722); Berry Shouse, Jr. (95-5723);
Larry Smith (95-5822), Defendants-Appellants.
 Nos. 95-5722, 95-5723 and 95-5822.
 United States Court of Appeals, Sixth Circuit.
 May 22, 1996.
 
 Before: SUHRHEINRICH and COLE, Circuit Judges; BELL, District Judge.*
 PER CURIAM.
 
 
 1
 Berry Shouse, Jr., Larry Smith, and Vester Fultz were each convicted of one count of conspiracy to manufacture and distribute marijuana in violation of 21 U.S.C. § 846. The district court sentenced all three defendants to lengthy terms of imprisonment. For the reasons that follow, defendants' convictions and sentences are VACATED and the case REMANDED.
 
 BACKGROUND
 
 2
 In 1989, Terrance Cundiff began purchasing large quantities (10 to 15 pounds) of marijuana in Georgia for sale in Kentucky. One of Cundiff's first clients was defendant Fultz.
 
 
 3
 In the fall of 1989, Cundiff lost his supplier in Georgia, but found another source in Texas. Cundiff acted both as a courier, transporting marijuana from Texas to various cities throughout the East, as well as a purchaser of marijuana for resale in Kentucky.
 
 
 4
 In May 1990, Cundiff recruited defendant Shouse, a long-time acquaintance, to help Cundiff in his illicit business. Cundiff and Shouse made multiple trips to Texas, transporting large amounts of marijuana. Shouse and Cundiff had a falling out in February of 1991 after Shouse's son was arrested while transporting marijuana that had come from Cundiff. As a result, they discontinued their relationship.
 
 
 5
 Fearing discovery, Cundiff ceased his involvement with marijuana in or around February 1991. In the fall of 1991, due to financial difficulties, Cundiff resumed his illegal activities. Subsequently, Cundiff began supplying defendant Smith with large quantities of marijuana. At the same time, Cundiff became a supplier to Paul David Johnson. Johnson had several other sources of marijuana, many of whom were indicted along with Shouse, Fultz, and Smith. Cundiff was arrested in September 1992, while carrying 400 pounds of marijuana.
 
 
 6
 In January 1995, a federal grand jury returned a nine-count superseding indictment against Shouse, Smith, Fultz, and eleven other individuals for various drug, firearms, and obstruction of justice charges for criminal activity occurring between 1987 and January 1994. Shouse, Smith, and Fultz were charged in only one count of the indictment, which alleged that they conspired together and with the other indicted defendants to manufacture and distribute marijuana in Kentucky. The first trial ended in mistrial. Only Shouse, Smith, and Fultz remained for the second trial, the others having pleaded guilty. A jury convicted all three defendants. Subsequently, the district court sentenced Shouse, Smith, and Fultz, respectively, to 100, 78, and 96 months imprisonment, each term to be followed by a period of supervised release. Defendants filed timely notices of appeal.
 
 ANALYSIS
 A. Multiple Conspiracies Jury Instruction
 
 7
 Defendants were charged and convicted of being part of a single conspiracy to manufacture and distribute marijuana. Each defendant assigns error to the district court's denial of his request for a multiple conspiracies jury instruction.
 
 
 8
 A multiple conspiracies jury charge requires the jury to acquit the defendant if it determines that the defendant belonged to a conspiracy other than that which was charged. United States v. Cavin, 39 F.3d 1299, 1310 (5th Cir.1994). Upon request, a defendant is entitled to such an instruction if the evidence creates a factual issue as to whether there was more than one conspiracy. United States v. Davenport, 808 F.2d 1212, 1217 (6th Cir.1987); Cavin, 39 F.3d at 1310. In determining this issue, appellate courts review the evidence in the light most favorable to the government. United States v. Ghazaleh, 58 F.3d 240, 244-45 (6th Cir.1995), cert. denied, 116 S.Ct. 716 (1996). Failure to give a required multiple conspiracies instruction constitutes reversible error only if the defendant can demonstrate actual prejudice. United States v. Paulino, 935 F.2d 739, 748 (6th Cir.), cert. denied, 502 U.S. 914 (1991); Davenport, 808 F.2d at 1218.
 
 This court has previously stated that:
 
 9
 in determining whether the evidence showed single or multiple conspiracies it must be remembered that the essence of the crime of conspiracy is agreement; and that in order to prove a single conspiracy the government must show that each alleged member agreed to participate in what he knew to be a collective venture directed toward a common goal.
 
 
 10
 Ghazaleh, 58 F.3d at 245 (quoting Paulino, 935 F.2d at 748). Relevant factors include: the nature of the scheme, relationship of the alleged conspirators, the overlapping of personnel, duration, and places. See, e.g., United States v. Lash, 937 F.2d 1077, 1086-87 (6th Cir.) (finding multiple conspiracies jury instruction not required where fraudulent activity occurring in two separate locations conducted under a common company, in same manner, and with shared personnel), cert. denied, 502 U.S. 949 (1991); Paulino, 935 F.2d at 748 (finding single conspiracy to distribute drugs where members related by blood or childhood friendship, plan and method of operation remained the same, and membership relatively stable).
 
 
 11
 After careful review, we conclude that the district court should have given a multiple conspiracies instruction. Defendants are alleged to have participated in a single conspiracy led by Cundiff. Cundiff, however, unilaterally ceased dealing in marijuana in February 1991. Cundiff's testimony indicated that he had no firm plans for renewing his illicit business. When Cundiff did begin dealing again, it was only after six months had elapsed, and due only to his own financial problems. A jury could interpret this as evidence of two separate conspiracies. See Davenport, 808 F.2d at 1218 (holding that multiple conspiracies jury instruction required where evidence suggests that parties intended to end their activity after first transaction).
 
 
 12
 Further, defendants suffered actual prejudice. Defendants' connection to the single overall conspiracy charged depended entirely on Cundiff's activities. Yet Cundiff's tie to the larger conspiracy differed dramatically before and after the six-month hiatus which, as discussed above, may have constituted two separate conspiracies. Absent a multiple conspiracies instruction, evidence relevant to only one of periods, and thus to one of the possible conspiracies, may have been improperly attributed to defendants. See United States v. Johansen, 56 F.3d 347, 351 (2d Cir.1995) (setting forth factors, including risk of "spill-over" of evidence, to be considered in determining whether the defendant suffered actual prejudice). This risk is especially high in cases such as this where the great bulk of evidence presented related to the activities of individuals other than defendants.
 
 CONCLUSION
 
 13
 Smith, Shouse and Fultz are entitled to new trials because they suffered actual prejudice as a result of the failure to give their requested multiple conspiracy instruction. Defendants' convictions are VACATED and the case REMANDED to the district court for further proceedings.
 
 
 
 [1]
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation